STATE OF OREGON,
*Appellant,*

*v.*

DONALD PETER SLOAN,
*Respondent.*

(10-81-10518, 10-81-10935;
CA A26021 (Control), A26022)
(Cases Consolidated)

673 P2d 567

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Robert J. McCrea, Eugene, argued the cause for respondent. With him on the brief was Morrow, McCrea & Divita, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The state appeals from pretrial orders granting defendant's motion to controvert the allegations of the affidavit on which a search warrant was based and suppressing the evidence seized. We reverse.

A search warrant for defendant's residence was issued based on the affidavit of Rick Siel, a police officer of the Eugene Police Department.[1] The facts alleged included hearsay statements given by a named informant and a personal

---

[1] The affidavit read as follows:

"I, Rick B. Siel, being first duly sworn on oath, hereby depose and say:

"That I am a police officer for the City of Eugene, Lane County, Oregon and have been so employed for approximately five years and am currently assigned on an investigation in the Special Crime Unit of the Eugene Police Department. That during my employment as a police officer I have received approximately 100 hours of formal training in the detection and identification of controlled substances including marijuana. That on numerous occasions I have identified controlled substances including marijuana and had my identification confirmed by laboratory analysis.

"That on July 6, 1981 at approximatley [sic] 11:00 a.m. I contacted Max Davis at his residence at 3471 West 25th Street, Eugene, Lane County, Oregon. That Davis advised me that he is acquainted with a Donald Sloan who lives at 3420 Chaucer Way, Eugene, Lane County, Oregon. That approximately three weeks ago Davis was in Sloan's residence and observed what Sloan described as one ounce of cocaine. On this same occasion, Davis observed approximatley [sic] two and one-half pounds of marijuana in the residence. That Davis stated that Sloan has been out of town for approximatley [sic] two weeks having arrived back in Eugene on July 2, 1981. That Sloan told Davis prior to leaving town that he (Sloan) was going to Florida to pick up a large amount of marijuana and would be bringing the marijuana back to Eugene to sell. That Sloan also indicated that he has been dealing in quantities of cocaine and marijuana on an on-going basis. That Sloan told Davis that he could supply all of the cocaine and marijuana that Davis could sell. That to my knowledge, Davis has no charges pending in any court. That Davis told me that he was familiar with marijuana having used it before and can recognize marijuana in both its growing form and smoking form.

"That on July 6, 1981 at approximatley [sic] 1:00 p.m., myself and Officer Hill of the Eugene Police Department went to the backyard of 2434 Chaucer Way, Eugene, Lane County, Oregon. From that location we could observe the backyard area of the Sloan residence at 3420 Chaucer Way. That I observed what I identified based on my training and experience to be a marijuana plant growing near the east fence line in the backyard of Sloan's residence approximatley [sic] twenty feet from the house.

"That I have observed the residence at 3420 Chaucer Way, Eugene, Lane County, Oregon and further describe it as a cream colored single story, wood frame dwelling with brown trim located on Chaucer Way in Eugene with the number '3420' located on the west side of the door.

"That in my experience as a police officer evidence of the manufacturing of marijuana often includes utensils used for drying the marijuana, watering and

observation by Siel of a marijuana plant growing in defendant's backyard. On the basis of Siel's affidavit, asserting probable cause to believe "evidence of the crimes of Unlawful Manufacture and Possession of a Controlled Substance * * * marijuana" would be found in the house justifying the search, a search warrant was issued for defendant's residence. As a result of evidence found pursuant to the warrant, defendant was charged with possession of hashish and cocaine and the manufacture and cultivation of marijuana.

Defendant moved to suppress evidence found in the search pursuant to the warrant and moved to controvert the allegations of Siel's affidavit under ORS 133.693. In support of both motions, defendant relied on Siel's police report, which contained the following statement not reflected in the affidavit:

> "* * * [The informant] Davis stated that both he and another neighbor kid had on prior occasions bought marijuana from Sloan.
>
> "* * * * *
>
> "When I asked Davis what prompted him to call, he stated that Sloan had called him earlier today and demanded $160.00. Davis said that Sloan wanted $160.00 in payment for some 'grass' he had bought for a friend. Davis denied knowing anything about this money. He stated that when Sloan threatened him, he decided to call the police."

The trial court reasoned that this information would have shown that the informant was criminally involved and that he might have had a motive, based on defendant's assertion of a debt, for giving a false report to police. Examining the entire record in the light of the controverting statements given at the hearing, *State v. McManus,* 267 Or 238, 251, 517 P2d 250 (1973); *State v. Haines,* 62 Or App 163, 168, 659 P2d 972 (1983), the trial court concluded that the magistrate would not

---

cultivation schedules, and documents indicating the identity of the individuals responsible for the manufacture of marijuana.

"WHEREFORE your affiant has probable cause to believe and does believe that evidence of the crime of unlawful manufacturing and possession of controlled substance to-wit marijuana and cocaine is located at 3420 Chaucer Way, Eugene, Lane County, Oregon and therefore requests this court to issue its warrant to search the above described residence and its curtilage for the above described evidence."

have relied on the informant's statement to issue the search warrant and that the personal observation of a single "marijuana plant" in defendant's backyard did not provide probable cause for a search of defendant's residence.

The affidavit here is sufficient on its face to support the magistrate's determination of probable cause. The dispositive issue is whether the magistrate as a reasonable, cautious person would have found probable cause to issue the warrant if the omitted facts had been known and correct inferences had been drawn from those facts to detract from those stated in the affidavit when the warrant was issued. *State v. McManus, supra,* 267 Or at 251. We therefore examine the omitted facts to determine their practical, non-technical effect on the informant's reliability in the normal inference drawing process.

The fact that the informant bought marijuana from the defendant on prior occasions was an admission against penal interest which would enhance the informant's credibility. *See State v. Carlile,* 290 Or 161, 167, 619 P2d 1280 (1980). The informant's criminal involvement provides another basis for his knowledge, adding to the totality of the circumstances from which the magistrate determines whether there is 'probable cause' to believe that contraband or evidence is located in defendant's residence. With respect to the informant's explanation for contacting the police, his candid response to Siel's inquiry does not detract from the facts in the affidavit found sufficient to justify the search. The reference to a disputed debt demonstrates further the informant's criminal involvement with the defendant and could provide a motive to fabricate. However, when that possible motive is balanced against a natural disinclination to make admissions against penal interest, we think a careful and cautious magistrate would be justified in issuing the warrant.

Because the omitted facts did not meaningfully detract from the inferences made in determining probable cause, the motion to controvert the search warrant and the motion to suppress the evidence should have been denied.

Reversed and remanded for trial.